IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DEBORAH VÉLEZ-BONAFE,<br><br>Plaintiff,<br><br>v.<br><br>COMMN'R OF SOC. SEC.,<br><br>Defendant. | CIV. NO.: 12-1611(SCC) |

**MEMORANDUM AND ORDER**

Plaintiff Deborah Vélez-Bonafe asks this court to review the decision of Defendant Commissioner of Social Security ("the Commissioner"), denying Plaintiff's application for disability benefits. After a review of the record and the parties' memoranda, we reverse the Commissioner's decision and remand for further proceedings.

### *STANDARD OF REVIEW*

Under the Social Security Act ("the Act"), a person is disabled if he is unable to do his prior work or, "considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d). The Act provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." *Irlanda-Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). Thus, the Commissioner's decision must be upheld if we determine that substantial evidence supports the ALJ's findings, even if we would have reached a different conclusion had we reviewed the evidence *de novo*. *Lizotte v. Sec'y of Health & Human Servs.*, 654 F.2d 127, 128 (1st Cir. 1981).

The scope of our review is limited. We are tasked with determining whether the ALJ employed the proper legal standards and focused facts upon the proper quantum of evidence. *See Manso-Pizarro v. Sec'y of Health and Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's decision must be

reversed if his decision was derived "by ignoring evidence, misapplying law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). In reviewing a denial of benefits, the ALJ must have considered all of the evidence in the record. 20 C.F.R. § 404.1520(a)(3).

The Act sets forth a five-step inquiry to determine whether a person is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps must be followed in order, and if a person is determined not to be disabled at any step, the inquiry stops. *Id.* Step one asks whether the plaintiff is currently "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, he is not disabled under the Act. *Id.* At step two, it is determined whether the plaintiff has a physical or mental impairment, or combination of impairments, that is severe and meets the Act's duration requirements. 20 C.F.R. § 404.1520(a)(4)(ii). The plaintiff bears the burden of proof as to the first two steps. Step three considers the medical severity of the plaintiff's impairments. 20 C.F.R. § 404.1520(a)(4)(iii). If, at this step, the plaintiff is determined to have an impairment that meets or equals an impairment listed in 20 C.F.R. pt. 404, subpt. P., app. 1, and meets the duration requirements, he is disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the plaintiff is not determined to be disabled at step three,

his residual functional capacity ("RFC") is assessed. 20 C.F.R. §§ 404.1520(a)(4), (e). Once the RFC is determined, the inquiry proceeds to step four, which compares the plaintiff's RFC to his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the plaintiff can still do his past relevant work, he is not disabled. *Id.* Finally, at step five, the plaintiff's RFC is considered alongside his "age, education, and work experience to see if [he] can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). If the plaintiff can make an adjustment to other work, he is not disabled; if he cannot, he is disabled. *Id.*

## *BACKGROUND AND PROCEDURAL HISTORY*

Plaintiff made her initial application for disability benefits on April 27, 2010, alleging that her disability began on May 1, 2009. The claim was denied, as was reconsideration. Plaintiff then requested a hearing, which was held on June 15, 2011. The ALJ determined that Plaintiff was not disabled. The appeals council refused to review the ALJ's decision, and she filed this appeal.

At step three, the ALJ determined that Plaintiff did not have a combination of impairments equaling one of those listed at 20

| | |
|---|---:|
| VELEZ-BONAFE v. COMMISSIONER | Page 5 |

C.F.R. pt. 404, subpt. P, app. 1. TR. at 15.[1] The ALJ then found that as of his last insured date, Plaintiff had the RFC to "perform a limited range of light work." TR. at 19. Plaintiff could sit for up to eight hours in a workday and stand and/or walk for up to two. She could perform occasional postural functions, so long as they did not include crawling, kneeling, or climbing ropes, ladders, or scaffolds. *Id.* She could occasionally lift/carry up to twenty pounds, and she could carry/life up to 10 ten pounds frequently. *Id.* The ALJ further determined that though she needed to be able to alternate between sitting and standing as needed, these breaks should not take more than five minutes and would not result in her being off-task. As to her mental RFC, Plaintiff was determined to be capable of understanding, remembering, and carrying out simple instructions and performing simple tasks consistent with unskilled work. *Id.* The ALJ further found that while she could not perform her past relevant work, there existed work in the national economy that she was capable of performing; thus, she was not disabled. TR. at 24–26.

---

1. We will refer to the Social Security Transcript as "TR." throughout.

## *ANALYSIS*

Plaintiff's allegations of error focus on the ALJ's purported failure to list in her physical RFC the entirety of her limitations. Because of this alleged error, the questions asked of the VE were also in error.

We see several errors in the ALJ's physical RFC finding. First, the ALJ found that Plaintiff could sit for up to eight ours in a workday. This is in direct conflict with the opinions of Plaintiff's treating physicians. For example, Dr. Norman Ramírez concluded that Plaintiff could sit for less than two hours in a normal workday. And Dr. Michael Babilonia found that she could sit for up to four hours in a workday. Second, and relatedly, the ALJ found that Plaintiff could occasionally lift twenty and regularly lift ten pounds. However, Dr. Ramírez determined that she could lift less than ten pounds, and Dr. Babilonia said she could only frequently lift less than ten pounds. Third, Dr. Babilonia assessed a repetitive motion limitation that was not accounted for in Plaintiff's RFC. Fourth, and finally, the ALJ determined that Plaintiff would not be off-task when she took regular, unscheduled breaks to shift between standing and sitting.

As to the first three of these errors, the ALJ purported to

| VELEZ-BONAFE v. COMMISSIONER | Page 7 |
|---|---|

find inconsistencies within the treating physicians' reports, as well as with other evidence. We disagree. First, the report of Dr. Ingrid Arroyo is sparse and her findings don't actually contradict, in any relevant way, those of Dr. Babilonia and Dr. Ramírez. As for Dr. Queipo Rafael, he did not in fact treat or examine Plaintiff, and the basis for his specific disagreements with their reports is not well explained. Finally, we cannot make much of the Commissioner's or the ALJ's arguments that the conclusions of Drs. Babilonia and Ramírez were internally contradictory. In his brief, the Commissioner claims, for example, that Dr. Babilonia's clinical findings "were far more benign" than his assessments as to Plaintiff's functional capacity. Docket No. 16, at 7. To support this, the Commissioner lists an array of clinical findings—*e.g.*, "[w]hile a small enthesophyte was seen at the level of the anterior tibial spine, no soft tissue abnormalities were noted," *id.*—the import of none of which is explained. Frankly, we are unequipped to make much of the clinical findings, which is precisely why physicians are asked to make functional assessments. The lists of putatively "benign" clinical findings, unexplained by either ALJ or the Commissioner, are not a sufficient basis by which to

| VELEZ-BONAFE v. COMMISSIONER | Page 8 |
|---|---|

discard the treating physicians' findings.[2] As such, the ALJ was in error with regard to these findings.

As for the finding that Plaintiff would not be off-task while she switched from sitting to standing, we conclude that this portion of the RFC finding was in error. First, though, a bit of background. During the hearing, the ALJ asked the VE whether a limitation requiring Plaintiff to alternate regularly between sitting and standing would change the VE's assessment of what work Plaintiff could do, assuming that Plaintiff would not be off-task while making that switch. TR. at 41. The VE answered that it would not, "so long as the person is not off-task." TR. at 42. Subsequently, however, and in response to a back-and-forth between the ALJ and Plaintiff's attorney, the

---

2. The Commissioner's regulations require the ALJ to give the opinions of treating physicians "on the nature and severity" of a plaintiff's impairments "controlling weight," at least where the opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are "not inconsistent with other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c)(2). *But see* 20 C.F.R. § 404.1527(d)(2) (noting that "final responsibility for deciding" various issues, including an impairment's nature and severity, "is reserved to the Commissioner"). The ALJ must "always give good reasons" for the weight it gives a treating source opinion. 20 C.F.R. § 404.1527(c)(2); *see also Polanco-Quiñones v. Astrue*, 477 F. App'x 745, 746 (1st Cir. 2012) (per curiam).

VE clarified that if the switching of position was regular and caused the person to be off-task, that would cause him to find that there were no jobs the person could perform. TR. at 44. Ultimately, of course, the ALJ determined that Plaintiff's breaks would not cause him to be off-task, but there is nothing in the opinion that justifies such a determination. As such, there is error in the RFC in this respect as well.

For these reasons, we conclude that the ALJ erred in his RFC findings. Because of this error, the ALJ's questions to the VE were inherently flawed.

## *CONCLUSION*

For the reasons stated above, we VACATE the decision of the Commissioner and REMAND this matter for further proceedings consistent with this opinion.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25th day of March, 2014.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE